# Jacob Tibbins, Plff. in Err., v. Ephraim S. Jones et ux.

A married woman acting in good faith may loan money to her husband for the purchase of a horse to be used in her business; and if the husband's creditors have not been deceived or misled by her action, a seizure of the horse in satisfaction of the husband's debts will support an action of trespass against the constable making the seizure.

(Decided May 24, 1886.)

Error to the Common Pleas of Perry County to review a judgment for plaintiffs in an action of tresspass. Affirmed.

NOTE.—A husband cannot transfer property to his wife while insolvent. Such transaction is void as to existing creditors. Henderson v. Henderson, 133 Pa. 399, 19 Atl. 424. But it is otherwise where he is solvent, though he borrows part of the purchase money. Thompson v. Thompson, 82 Pa. 378. So he cannot, while insolvent, buy goods in the name of his wife for a business conducted in his name, where he has entire control of it, and the property be exempt from execution for his indebtedness. Blum v. Ross, 116 Pa. 163, 10 Atl. 32. But the transaction is protected when bona fide as held in TIBBINS v. JONES. It must clearly appear in such cases that the purchase was made with the wife's separate estate. Adams v. Bleakley, 117 Pa. 283, 10 Atl. 884; Bower's Appeal, 68 Pa. 126.

Ephraim S. Jones, who carried on the business of a butcher in the borough of Newport, was sold out judicially on an execution in 1884.

After that, his wife carried on the same business in her own right, had her shop in the same building with the same sign over the door, and the meat was sold through the town by her husband from the same wagon formerly used by him. She had about $100 of separate estate. She gave her husband $35 with which to buy a horse. He obtained a loan of $20 upon his wife's credit, and with the combined sums purchased the horse. Jacob Tibbins, a constable, levied upon and sold this horse as the property of Jones, under an execution which had been placed in his hands.

Mrs. Jones brought this action against the constable to recover damages for the alleged trespass on his part in levying upon and selling her property.

Two questions were presented.

1. Under the circumstances, was the loan by Stambaugh of $20 on the credit of Mrs. Jones separate estate?

2. If it was, still, as the business of Mrs. Jones was the same as her husband had followed immediately before, and carried on in the same shop under the old sign of her husband, to wit, "E. S. Jones," was it a legal fraud, so as to subject the horse used in carrying it on to levy and sale at the instance of the husband's creditors?

The court left the first question to the jury, and the second was raised by the defendant's second point, which point and the answer thereto are as follows:

2. The testimony of the plaintiff shows that she conducted her business of butchering in the old stand previously occupied by her husband, E. S. Jones, when in the same business, for himself, having painted over the place of business "E. S. Jones," and nothing more; that this sign was not changed when the plaintiff set up in the same business; that the horse in controversy was used to haul the meat to customers, came to and left the stand with meat, and was driven by her husband.

This was a legal fraud, and subjected the horse to levy and sale on an execution against the husband. A married woman

cannot place her separate property, used in a public business, under a sign in the name of her husband, and then, when execution creditors of the husband appear, claim the property as her own. This horse, being used to conduct the business, was as much covered by the sign "E. S. Jones" as if stabled under the sign itself.

*Answer:* The credit in this case was given by the execution creditor to E. S. Jones and M. B. Stambaugh his surety, and their note taken, some length of time before E. S. Jones was sold out by the sheriff, and the business of butchering was succeeded in by his wife. The business of butchering was conducted principally by hauling around the meat and distributing to the customers at their respective residences, and not by the customers coming to the shop and making their purchases at the counter. The butcher's sign is not, therefore, a very material thing, and in this instance there was simply the name of "E. S. Jones" painted on the building, with nothing to indicate that any business was carried on at all. Because, therefore, this execution creditor's debt was created some time before Mr. Jones began the business, we decline to affirm this point as applicable to the facts in this case.

Verdict and judgment passed for plaintiffs, and defendant brought error.

*Lewis Potter, W. N. Seibert,* and *B. F. Junkin,* for plaintiff in error.——If a married woman advances money to her husband to carry on business, and he carries it on as if he were proprietor and owner, the wife's money so invested is not protected. Ward v. Biddle, 12 Phila. 538.

It was imperative upon the wife to show affirmatively that Stambaugh made the loan to her husband as her agent, upon the faith and credit of her separate estate, which necessarily involves the idea that she must also show affirmatively that Stambaugh knew that she had a separate estate. Sixbee v. Bowen, 91 Pa. 149; Lochman v. Brobst, 102 Pa. 481.

*W. H. Spensler* and *E. R. Spensler* for defendants in error.

PER CURIAM:

Notwithstanding the able and zealous argument of the counsel for the plaintiff in error, we discover no error to correct. No fact was shown which is sufficient to constitute legal fraud. The manner in which the wife used her property and carried on her business indicates honesty of purpose. No person should have been deceived or misled thereby.

Judgment affirmed.